IN THE UNITED STATES DISTRTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DISTRICT

2007 OCT 15 A 9:30

UNITED STATES OF AMERICA,
    Plaintiff

v.    )    CASE No. 2:05CR208-MEF
    )    2:07CV831-MEF
JENNIFER DORSEY,    )
    Defendant    )
    )

MEMORANDUM OF LAW IN SUPPORT OF HABEAS
CORPUS MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C.A. § 2255

## I. HISTORY OF THE CASE

On or about May 7, 2004 in Montgomery County, within the Middle District of Alabama and elsewhere, It was stated that I did knowingly, intentionally, and unlawfully possess with the intent to distribute approximately 373.4 grams of a mixture and substance containing a detectable amount of amphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, section 841(a)(1).

Also, on or about May 7, 2004 in Montgomery County, with the District of Alabama and elsewhere, it was alleged that I did use and carry a firearm during and in relation to and did possess a firearm in furtherance of, a drug trafficking crime for which she may be prosecuted in a Court of the United States, to-witt: possession with the intent to distribute amphetamine as charged in Count 1 of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

On a about May 7, 2004, in Montgomery County, within the Middle District of Alabama and elsewhere, It was stated that being an unlawful user of a controlled

substance as defined in 21 U.S.C. §802 did knowingly possess in and affecting commerce a firearm, to-wit: a Taurus .357 caliber revolver, bearing serial number OC41685, in violation of Title 18, United States Code, Section 922(g)(3).

Upon conviction for the violation of Title 18, United States Code, Section 924 (c)(1)(A). It is stated that I shall forfeit to the U.S. all firearms involved in the commission of this offense, including One Taurus .357 Caliber Revolver, Serial Number OC41685.

## II. STATEMENT OF FACTS

On September 8, 2005 I was served with a three count indictment. I pled guilty to counts 1 & 3.

    A. Count 1: 21 U.S.C. §841(a)(1) - Possession with Intent to Distribute a Controlled Substance (Amphetamine)

    B. Count 3: 18 U.S.C. § 922(g)(3) - Possession of a firearm while being an Unlawful User or Addicted to a Controlled Substance

Upon entering a plea, the government will agree to do the following:

    A. Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

    B. Agree that the amount of amphetamine attributable to the defendant is approximately 373 grams

    C. Agree to dismiss Count Two of the Indictment.

    D. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will

move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) to reflect the defendant's substantial assistance.

### III. ARGUMENTS

28 U.S.C.A. § 2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by law, or if the sentence is otherwise subject to collateral attack. The statute provides that of the court finds the prisoner, it may resentence him or her or set the conviction aside, as is appropriate.

A. DENIAL OF RIGHT TO APPEAL

Though a defendant may enter into a plea agreement which provides that he will waive his right to appeal the sentence, this waiver must be explicit and at the plea colloquy the court must expressly and clearly agreement is fully understood by him. Unites States v. Howle, 166 F.3d 1166 (11th Cir. 1999)(waiver is valid even if district court judge, at sentencing, "invites" an appeal of one of her rulings); United States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997); United States v. Benitez-Zapata, 131 F.3d 1444 (11th Cir. 1997); United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993). Merely stating on the record that the defendant was "waiving his right to appeal regarding the charges" was not sufficient. United States v. Bushert, supra.

In Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), the court held that a valid appeal waiver can foreclose a subsequent collateral attack on the sentence permised on an ineffective assistance of counsel claim.

-4-

In accordance with case law Tower v. Phillips, 979 F.2d 807 (11th Cir. 1992)(Trial Counsel's failure to properly advise defendant of the consequences of his plea ineffective). In order for Towler's pleas to have been knowing and voluntary, he must have been reasonably informed of "the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available." LoConte, 847 F.2d at 751. Courts look at the totality of information held by the defendant at the time he makes his plea, and not merely the information communicated at the plea hearing, to determine if the defendant was adequately informed to make a knowing and voluntary plea. Id.; Gaddy v. Linahan, 780 F.2d 935, 944 (11th Cir. 1986); United States v. Deal, 678 F.2d 1062, 1065 (11th Cir. 1982). Therefore, the fact that the trial court properly conducted the plea is constitutionally valid. See United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n. 8 (11th Cir. 1987); Downs-Morgan, 765 F.2d at 1538 n. 9.

In my Plea Agreement Proceedings, I was not knowledgeable enough to ask my attorney to appeal. It was my opinion that my attorney was acting on behalf of me and would use all the legal ramifications as it relates to my plea. But mow, I realize that my attorney failed to explain the "pros" and "cons" to a plea and the statutory "maximum" and "minimum" sentence for my agreeing to plea. My attorney never fully explained to me the full scope of my taking the plea and what I was giving up by taking a plea. The only thing that I was told by my attorney is the fact that it was in my best interest to take the plea.

Therefore, I did not have any knowledge to what I could or could not do with regard to the case. My attorney informed me that he was not representing me in an appeal process. He also stated that he was to only help with the

plea agreement process. My ex-attorney sent me written correspondence as it relates to the services he was to perform.

B. <u>SENTENCING  - GUN ENHANCEMENT</u>

According to the Indictment, Count 3 of which I pled guility to states: "Possession of a Firearm while being an unlawful User or Addicted to a Controlled Substance."

The statute 18 U.S.C.S. § 922(g)(3) states: "It shall be unlawful for any person who is an unlawful user of or addicted to any any controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. 802)); according to § 802. as used in this title:

> (1) The term "Addict" means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction.

I was given a firearm enhancement at sentencing even though the firearm was not a part of the offense and the firearm was found in the nightstand in the bedroom. I had a license for the firearm in question and it was purchased for protection use and not for use in the offense.

The statute § 432(a), Drug cases-Firearms. An adjustment under U.S.S.G. § 2D1.1(b)(1) should be applied if the weapon was present, unless it is clearly improable that the weapon was connected with the offense. United States v. Hansley, 54 F.3d 709 (11th Cir. 1995). Thus, once the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable. Id.; United States v. Hall, 46 F.3d 62 (11th Cir. 1995); United States v. Fields, 408 F.3d 1356 (11th Cir. 2005); United States v. Cooper, 111 F.3d 845 (11th Cir. 1997).


The enhancement was found in applicable in United States v. Cooper 111 F.3d 845 (11th Cir. 1997). The defendant was convicted of drug possession based on the discovery of just under one kilogram of cocaine in a mimi-warehouse. At the defendant's home two guns were found. Because the guns were not present at the site of the charged conduct the enhancement did not apply. The court stressed that this case was different that Hall and Hansley because those cases involved conspiracy charges and the guns in those cases were located where overt acts in furtherance of the conspiracy occured.

A defendant's complaint that he was in fact unaware of the firearm possession of a co-conspirator is not necessarily inconsistent with the district court's finding that the possession of the firearm was resonably foreseeable. United States v. Pessefall, 27 F.3d 511 (11th Cir. 1994); United States v. Martinez, 924 F.2d 209 (11th Cir. 1991).

United States v. Mount 161 F.3d 675 (11th Cir. 1995) (weapon that was in stairwell was not carried). Defendant was convicted of conspiracy to possess cocaine with intent to distribute, and using and carrying a firearm during and in relation to possession with intent to distribute.

Mere possession or storage of a firearm in a closet or near drugs is insufficient to constitute "use" for purpose of offense of using and carrying a firearm during and in relation to a drug trafficking crime. 18 U.S.C.A. § 924(c).

Defendant did not "carry" revolver found hidden with 1.3 pounds of powder cocaine in compartment under stairwell in his residence, and he this did not committ offense of carrying a firearm during and in relation to a drug

trafficking crime, absent direct evidence or sufficient circumstantial evidence that defendant, rather than another person such as his female companion who was in residence at time of search, was the one who carried the firearm to its place in compartment.

Mount's conviction on the § 924(c) charge in count XVIII is recersed and the district court is directed to enter a judgement of acquittal on this count.

United States v. Mendozo-Alvarez, 79 F.3d 96 (8th Cir. 1996) Simply carrying a firearm in one's car was not otherwise unlawful use. The "unlawful Use" of a firearm under § 2K2.1(b)(2). As the Supreme Court has recently explained "[t]he word "use" [as applied under 18 U.S.C. § 924 (c)] must be given its "ordinary or natural" meaning. A meaning variously defined as to convert to one's service, 'to employ,' 'to avail oneself of,' and 'to carry out a purpose or action by mean of.'. . . These various definitions of 'use' imply action and implementation." Bailey v. United States, -------- U.S. -----, -----, 116 S. Ct. 501, 506, 133 L. Ed. 2d 472 (1995) (citations and alterations omitted). Based on this ordinary meaning, and in light of the statutory framework, the court interpreted "use" under 18 U.S.C. § 924 (c)(1) to mean "active employment."

After carefully researching my firearm enhancement, I question the court as to whether it applies in my case. The firearm was in the nightstand and was not used in the furtherance of the offense or was not use in a conspiracy. My firearm was legally purchased and a license obtained to have the firearm for protection.

I also question the fact that the government included a Cooperation Agreement, in my Plea Agreement as it related to a four-level downward departure. If I provided substantial assistance. The only thing with the agreement is the fact that the government never gave me the opportunity to cooperate, therefore, I never received the § 5K1.1. The promise was made by the government, but there was never a chance for me to get my reduction, so therefore, I feel my agreement was breached based on what was promised to me.

## CONCLUSION

I pray this Honorable Court will review my case law concerning the issues that I raised in my Memorandum of Law. I pled guilty to drug charges, but I did not use a gun in connection with the drug activity. I feel that the government failed in its due diligence as to the real purpose for my having the gun in my nightstand.

My lack of legal knowledge did not prepare me for being able to handle the Plea Agreement. I relied on my attorney to keep me abreast of my legal situation, but he only wanted me to sign the agreement because it was said that the Plea Agreement was in my best interest. I was never explained about the "minimum" or "maximum" range of my sentence. Therefore, I pray this court will take all information presented into account when reviewing my Memorandum. I ask the Court to review.

Respectfully submitted,

Jennifer Dorsey, Pro Se
Federal Reg. #11759-002
Marianna Federal Prison Camp
Cherokee A
P.O. Box 7006
Marianna, Fl 32447-7006

DATED: 10/11/07

CERTIFICATE OF SERVICE

I, Jennifer Dorsey, hereby certify that I have placed a true and correct copy of the Memorandum of Law in support of Habeas Corpus Motion to Vacate, set Aside, or Correct Sentence Pursuant to 28 U.S.C.A. § 2255 in the institutional mailbox at Marianna FPC, A proper postage-sufficient envelope was mailed to the following:

>A. Clark Morris
>Assistant U.S. Attorney
>Middle District of Alabama
>One Court Square
>Room 201
>Montgomery, Al 36104

This _11_ day of October, 2007

Respectfully submitted,

*Jennifer Dorsey*
Jennifer Dorsey, Pro Se
Federal Reg. #11759-002
Marianna Federal Prison Camp
Cherokee A
P.O. Box 7006
Marianna, Fl 32447-7006



MS. JENNIFER DORSEY
FEDERAL REG. # 11759-002
Marianna Federal Prison Camp
Cherokee A
P.O. Box 7006
Marianna, Fl  32447-7006

U.S. CLERK OF COURTS
MIDDLE DISTRICT OF ALABAMA
MS. DEBRA P. HACKETT
U.S. COURTHOUSE
P.O. BOX 711
MONTGOMERY, AL  36101-0711