IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
vs. ) Civil Case No. 2:07-cv-831-MEF-SRW
)
JENNIFER DORSEY )

## AFFIDAVIT OF COUNSEL

COMES NOW Jay Lewis, appointed attorney for defendant Jennifer Dorsey ("Dorsey") and would show the Court as follows:

Dorsey was originally represented in criminal case number 2:05-cr-208-MEF-SRW by Christine Freeman, the Federal Defender. Due to the discovery of a conflict, Ms. Freeman withdrew from representation, and the Court appointed the undersigned counsel.

Counsel's records show that he first met with Dorsey on 9/07/05 and represented her during the proceedings against her through her sentencing on 9/11/06.

During the year that charges were pending against Dorsey, counsel met with her or conversed with her by telephone a minimum of eighteen times. This represents the number of logged contacts; there were others that were not sufficiently significant for counsel to enter into his timekeeping program.

Counsel kept Dorsey fully apprised at all times of the progress of her case and negotiations between him and the Assistant US Attorney, Clark Morris.

In the end, Morris and the undersigned reached a plea agreement which was filed with the Court on or about 5/25/06. Pursuant to that agreement, Dorsey pleaded guilty to Counts 1 and 3 of the indictment, admitting that she possessed with intent to distribute approximately 373 grams of amphetamine, and that she possessed a firearm while being an unlawful user of or addicted to

a controlled substance. On both 5/23/06 and 5/25/06, counsel conferred with Dorsey about the plea agreement and the provisions thereof. Dorsey indicated that she understood the terms of the agreement.

The plea agreement contained a section headed, "Defendant Waives Appeal and Collateral Attack." Dorsey verbally acknowledged her understanding that she could appeal if her counsel had been ineffective or if the prosecution had engaged in misconduct; otherwise, she could not appeal or challenge her sentence in a post-conviction proceeding. On 5/25/06, Dorsey signed the plea agreement, acknowledging in writing her understanding of the waiver of appeal and collateral attack, and acknowledging her satisfaction with the advice and representation of the undersigned.

Counsel has no independent recollection of whether or not he informed Dorsey that she had ten days within which to appeal, but such advice would be superfluous since Dorsey had waived her right to appeal. Nor did Dorsey ever indicate that she wanted to appeal.

Counsel is satisfied that he negotiated the best possible outcome for Dorsey; she received full credit for acceptance of responsibility and four levels down for substantial assistance to the government. Counsel submits that he provided competent and effective representation to Dorsey.

RESPECTFULLY SUBMITTED, this __22nd__ day of October, 2007.

_____
Jay Lewis
Attorney for Plaintiff
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)

334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

SWORN TO and SUBSCRIBED before me this 22nd day of October, 2007.

_[signature]_
NOTARY PUBLIC, Alabama at Large

My commission expires 9/19/11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2006, I served the foregoing on the following by first class mail, properly addressed and postage prepaid, or I electronically filed with the Clerk of the Court the foregoing document through the CM/ECF system, which will send notification of such filing to the following individuals:

A. Clark Morris, Esq.
John T. Harmon, Esq.

Jennifer Dorsey
#11759-002
Marianna FPC
P.O. Box 7006
Marianna, FL 32447-7006

_[signature]_
Jay Lewis
Attorney for Plaintiff
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J