IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER DORSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:07cv831-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 14) addressing the claims presented by the petitioner in her 28 U.S.C. § 2255 motion. In its response, the government argues, *inter alia*, that the petitioner's § 2255 motion is barred because she expressly waived her right to post-conviction review in her plea agreement. The government further argues that the petitioner's substantive claims are procedurally barred because the claims could have been, but were not, raised on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The government argues that even if the petitioner's substantive claims are not procedurally barred, they lack merit and entitle her no relief. Finally, the government argues that the claims of ineffective assistance of counsel presented by the petitioner are without merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

A procedural default bars consideration of the merits of a claim unless the petitioner

"can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before January 29, 2008, the petitioner may file a reply to the response filed by the government. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after January 29, 2008, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, she may file sworn affidavits or other documents in support of her claims. Affidavits should set forth specific facts that demonstrate that the petitioner is entitled to relief on the grounds presented in her § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies

of those papers must be attached to the affidavits or served with them. When the petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. The petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 7th day of January, 2008.

                                      /s/Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE