IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,            )
             Plaintiff           )
                                 )
                                 )
                                 )   CASE NO.:  2:07CV831-MEF
      v.                    )              2:05CR208-MEF
                                 )
                                 )
JENNIFER DORSEY,                     )
             Defendant           )

DEFENDANT'S REPONSE TO THE UNITED STATES § 2255 MOTION
RESPONSE

    COMES NOW, Jennifer Dorsey, Pro Se, respectfully submits to this court my response to the United States' response to my § 2255 Motion, to Vacate, Set Aside, or Correct Sentence. I offer the following as it relates to my § 2255 Motion.

    I. PROCEDURAL HISTORY AND RELEVANT FACTS

    As it relates to Count Two of the indictment, which was dismissed according to my Plea Agreement which was signed on May 25, 2006 and agreed upon by all psrties. But as stated in the United States' response on Page 4, as it relates to Exhibit D, during my Sentencing hearing, I indicated that a revolver was in my night stand which was located by the bed, but it was not used in the furtherance of the crime. The court denied my objection for the "two-point enhancement for possession of a firearm in connect with a drug trafficking offense should be applied, but this was in reference to Count Two which was

-2-

dismissed by all the parties in order for me to agree to enter into the Plea Agreement. According to case law, United States v. Romano, 314 F.3d 1279 (11th Cir. 2002), the plea agreement set forth the parties' understanding of thr applicable guidelines for the count to which the defendant was pleading guilty. In this case, the probation officer, however, mistakenly added two enhancements that applied to the count that was being dismissed. At the sentencing hearing, the prosecutor urged that these enhancements be applied, and in addition requested an upward departure (without furnishing pre-hearing notice to the defense). The district court erroneously applied the enhancements at the urging of the prosecutor, but denied the upward departure and then sentenced the defendant at the top of the sentencing range. The Eleventh Circuit held that this beach of the agreeement constituted plain error and vacated the sentence. even though the defendant did not object to the prosecutor's actiona at sentencing.

   The above referenced case, United States v. Ramano, 314 F.3d 1279, (11th Cir. 2202), mirrors my Sentencing hearing, whereby my objecting to the two-point enhancement for possession of a firearm in connection with a drug trafficking offense which had already been dismissed. Therefore, in review of all the information presented by the United States' response, it appears that there was a breach of the agreement, since the Count Teo was dismissed, but the court used the wording of

-3-

dismissed count in order to deny my objection to the two-level enhancement.

In oder to commit a § 924(c) offense is to possess a firearm in furthernance of the underlying violent crime, or drug trafficking offense. The offense was analyzed in in United States v. Timmons, 283 F. 3d 1246 (11th Cir. 2002). Furtherance means "a helping forward.". In other words, the government must prove that the weapon "helped", furthered, promoted, or advanced the drug trafficking." Id. 283 F. 3d at 1252. Mere proof thata gun was present within the defendant's dominion and control during drug trafficking offense is not sufficient by itself to sustain a 924(c) conviction. The appellate court found that the presence of guns and ammunition in close proximity to the drug transaction in this case did suffice to establish an "in futherance" of § 924(c).

In my case, whereby, I stated that the gun was in the night stand by my bed and was used for my personal protection and not drug trafficking, I offer the following case law which will be sufficient to prove that the gun found by the government during a search of my home U.S. v. Mount 161 F.3d 675 (11th Cir. 1995) weapon that was in stairwell was not carried). Defendant was convicted of conspiracy to possess cocaine with inteant to distribute, possession of cocaine with intent to distribute, and using and carrying a firearm during and in relation to possession with intent to distribute.

Mere possession or storage of a firearm in a closet or near

-4-

drugs is insufficient to constitute "use" for purposes of offense of using and carrying a firearm during and in relation to a drug trafficking crime. 18 U.S.C.A. § 924(c).

Defendant did not "carry" revolver found hidden with 1.3 pounds of powder cocaine in compartment under stairwell in his residence, and he thus did not commit offense of carrying a firearm during and in relation to a drug trafficking crime, absent direct evidence or sufficient circumstantial evidence that defendant, rather than another person such as his female companion who was in residence at time of search, was the one who carried t he firearm to its place in compartment.

Mount's conviction on the § 924(c) charge is count XVIII is reversed and the district court is directed to enter a judgement of acquittal on this court. U.S. v. Mendozo-Alvarez, 79 F.3d 96 (8th Cir. 1996) Simply carrying a firearm in one's car was not otherwise unlawful use.

The "unlawful use" of a firearm under § 2K2.1(b)(2). As the Supreme Court has recently explained, "[the word "use" [as applied under 18 USC § 924 (c)] must be given its "ordinary or natural" meaning. A meaning various;y defined as 'to convert to one's service, 'to employ,' 'to avail oneself of,' and 'to carry out a purpose or action by mean of .' . . . These various definitions of 'use' imply action and implementation." Bailey v. United states, -----U.S. -------, -------, 116 S. ct. 501, 506, 133 L.Ed.2d 472(1995) (citations and

alterations omitted). Based on this ordinary meaning, and on light of the statutory framework, the court interpreted "use" under 18 U.S.C. § 924(c)(1) to mean "active employment."]

III. RESPONE TO CLAIMS FOR RELIEF

To prevail on claim of ineffective assistance :of counsel, the defendant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc).

Based on the information and case law as it relates to my case definitely proves ineffective assistance of counsel. The reason for my stating ineffective assistance of counsel was stated in my Memorandum of Law.

CONCLUSION

I have presented case law to refute what was presented in the United States' response. I had objections tot he two-point enhancement at my sentencing hearing, but my attorney failed to argue on my behalf at the time. My objections should have been resolved using the Counts that I pled guilty and not based on Count 2 which was dismissed. Therefore, I pray this count will grant my § 2255 based on the Memorandum of Law presented earlier and my Response to the United States' Response to my § 2255.

I pray this Honorable Court will grant my § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

-6-

I cannot be procedurally barred for the grounds mentioned in my § 2255 due to the fact that I ddi not due a direct appeal. I adhered to my attorney's information as tot he reason why I could not appeal my sentence. It is my constitutions right to an appeal, it I feel there is a possible breach and I feel there is a breach due to using a Count which was dismissed.

                                            Respectfully submitted,

                                            Jennifer Dorsey, Pro Se
                                            REG #11759-002
                                            Cherokee A
                                            FPC-Marianna
                                            P.O.Box 7006
                                            Marianna, Fl.  32446

DATED: 1/28/08

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　PLANTIFF<br><br>v.<br><br>JENNIFER DORSEY,<br>　　　　　　Defendant | ) <br> ) <br> ) <br> ) CASE NO.:　2:07CV831-MEF<br> ) 　　　　　　　　2:05CR208-MEF<br> ) <br> ) <br> ) <br> ) |

CERTIFICATE OF SERVICE

　　COMES NOW, JENNIFER DORSEY, PRO SE, hereby certify that I have filed the DEFENDANT'S response to the united states § 2255 MOTION RESPONSE and placed a copy to the following:

Mr. Clark Morris　　　　　　　　　　Clerk of Court
Assistant United States Attorney　　U.S. Courthouse
P.O.Box 197　　　　　　　　　　　　One Church St.
Montgomery, Alabama  36101-0197　　P.O.Box 711
　　　　　　　　　　　　　　　　　　Montgomery, AL  36101-0711

　　The proper amount of postage was affixed tot he envelope and it was taken to R&D for mailing to the individuals mentioned above.

　　The envelope was taken to R&D on this 28 day of January 2008.

　　　　　　　　　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　Jennifer Dorsey
　　　　　　　　　　　　　　　　　　Jennifer Dorsey, Pro Se
　　　　　　　　　　　　　　　　　　REG #11759-002
　　　　　　　　　　　　　　　　　　Cherokee A
　　　　　　　　　　　　　　　　　　FPC Marianna
　　　　　　　　　　　　　　　　　　P.O.Box 7006
　　　　　　　　　　　　　　　　　　Marianna, Fl.  32446

DATED: 1/28/08

Cherokee A
FPC-Marianna
P.O.Box 7006
Marianna, Fl. 32446



JAN 29 2008
MAIL ROOM

FEDERAL CORRECTIONAL INST.

Clerk of Court
U.S. Courthouse
One Church ST.
P.O.Box 711
Montgomery, AL   36101-0711