IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENNIFER DORSEY,              )
                              )
          Petitioner,         )
                              )
v.                            )          Civil Action No. 2:07cv831-MEF
                              )                    (WO)
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Jennifer Dorsey ("Dorsey") asks the court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  After considering Dorsey's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A.    *Plea Agreement and Hearing*

On September 8, 2005, a federal grand jury returned a three-count indictment against Dorsey, charging her with possession with intent to distribute amphetamine in violation of 21 U.S.C. § 841(a)(1) (Count One); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C.

§ 922(g)(3) (Count Three).

Dorsey entered into a plea agreement with the United States and, on May 25, 2006, she appeared before the undersigned magistrate judge and pled guilty to Counts One and Three of the indictment.  As consideration for the guilty plea and pursuant to a written plea agreement, the government agreed to be bound, in pertinent part, as follows:

- the government would dismiss Count Two of the indictment;

- the government agreed that the amount of amphetamine attributable to Dorsey was approximately 373 grams;

- the government would recommend at sentencing that she receive a two-level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) if Dorsey did not obstruct justice or otherwise fail to accept responsibility;

- the government would move at sentencing for a further reduction of one level pursuant to U.S.S.G.§ 3E1.1(b) should the government find that Dorsey assisted authorities in the investigation and prosecution of her own misconduct by timely notifying authorities of her intention to plead guilty, thereby permitting the government to avoid preparing for trial and to allocate its resources efficiently;

- the government would move at sentencing for a downward departure of at least four levels pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to reflect her substantial assistance should Dorsey complete her obligations under a cooperation agreement set forth in the plea agreement;

- the government could, at its discretion, move for a further sentence reduction pursuant to Fed.R.Crim.P. 35 should Dorsey provide further cooperation after sentencing; and

- the government reserved the right to inform the court and probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

*See Plea Agreement* (Doc. No. 14, Gov. Exh. B) at 2-4.

Dorsey committed to the following under the plea agreement:

•      to plead guilty to Counts One and Three; and

•      not to commit another offense while awaiting sentencing.

*Id*. at 4.

The plea agreement also contained a waiver provision whereby Dorsey relinquished her rights to appeal and collaterally attack her sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  *Id*. at 5.

At the plea hearing conducted pursuant to Fed.R.Crim.P. 11, the magistrate judge ascertained from Dorsey that she had read and discussed the plea agreement with her counsel before signing it, and that she understood the terms of the plea agreement.  *See Change of Plea Hearing* (Doc. No. 14, Gov. Exh. C) at 7.  The magistrate judge informed Dorsey that Count One to which she was pleading guilty carried a statutory maximum sentence of 20 years' imprisonment and that the statutory maximum for Count Three was 10 years.  *Id*. at 8.  Dorsey affirmed to the magistrate judge that she understood the maximum punishment for the two counts.  *Id*. at 9.  The terms of the waiver were discussed at the plea hearing, with Dorsey indicating she understood the terms:

THE COURT: And do you understand that by entering into this plea agreement and entering a guilty plea, you will have waived, or given up, your right to appeal all – sorry – or to collaterally attack all or part of this sentence?

[DORSEY]:  Yes, ma'am.

*Id*. at 10.  Dorsey also indicated to the court that she had not been coerced or forced into

3

pleading guilty.  *Id.* at 7-8.

**B.    *Sentencing***

The United States Probation Office prepared a presentence investigation report ("PSI").  The probation office recommended a specific offense enhancement of two levels pursuant to U.S.S.G. § 2D1.1(b) based on Dorsey's possession of a firearm in relation to a drug trafficking crime.  *PSI* at 5, ¶ 17.  At the sentencing hearing, which was held on September 11, 2006, Dorsey's counsel objected to the inclusion of the two-level enhancement for possession of a firearm.  *Sentencing Hearing* (Doc. No. 14, Gov. Exh. E) at 6-7, 14-15.  After hearing argument and evidence on the issue, the court overruled defense counsel's objection and accepted the probation office's recommendation that the firearm enhancement be applied to Dorsey's sentence.  *Id.* at 21.

Based on the amount of drugs attributed to Dorsey, the court determined Dorsey's base offense level to be 32.  *Id.* at 18-19.  The court then accepted the government's recommendation (as provided in the plea agreement) of a three-level reduction pursuant to U.S.S.G. §§ 3E1.1(a) and (b) based on Dorsey's acceptance of responsibility and her assistance.  *Id.* at 5.  Factoring in the two-level firearm enhancement, the court determined Dorsey's total offense level to be 31.  *Id.* at 21.  Upon the government's recommendation, the court then applied a downward departure of four additional levels pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based on substantial assistance Dorsey had provided under a cooperation agreement set forth in the plea agreement.  *Id.* at 26.  Combining the adjusted offense level of 27 with Dorsey's criminal history category of I produced an advisory

guideline range of 70 to 87 months.  *Id*.  The court sentenced Dorsey to 70 months' imprisonment, at the low end of the applicable guideline range.  *Id*. at 37-38.

Judgment was entered on September 16, 2006.  Dorsey did not appeal.

**C.**    **Section 2255 Contentions**

On September 10, 2007 (Doc. No. 1), Dorsey, acting *pro se*, filed this § 2255 motion asserting the following claims:

> 1.    The district court erred by applying the two-level enhancement to her sentence pursuant to U.S.S.G. § 2D1.1(b) based on her possession of a firearm in relation to a drug trafficking crime.[1]
>
> 2.    She was deprived of effective assistance of counsel when her attorney did not inform her of the full ramifications of her guilty plea and failed to advise her that she could file an appeal.[2]

The government answers that Dorsey's claims are barred by the waiver provision in her plea agreement or are otherwise procedurally barred and/or meritless.  (Doc. No. 14.) Dorsey was allowed an opportunity to respond to the government's answer and has done so. (Doc. No. 16.)

## II.    DISCUSSION

**A.**    **Firearm Enhancement under U.S.S.G. § 2D1.1(b)**

As noted above, Dorsey claims that the district court erred by applying the two-level

---

[1]This claim is raised in Ground Two of the § 2255 motion at page 5; *see also Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 5-7.

[2]This claim is raised in Ground One of the § 2255 motion at page 5; *see also Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 3-5.

sentence enhancement provided for in U.S.S.G. § 2D1.1(b).[3]  *See § 2255 Motion* (Doc. No. 1) at 5; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 5-7.  The government maintains that Dorsey's claim is barred from review by the waiver provision in the plea agreement.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).

The written plea agreement in this case provided that Dorsey waived her rights to appeal or collaterally attack her sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  *See Plea Agreement* (Doc. No. 14, Gov. Exh. B) at 5.  There is no indication in the pleadings or other records before the court that Dorsey's waiver was anything but knowing and voluntary and as stated in the written plea agreement.  During the guilty plea colloquy, the magistrate judge determined that Dorsey had read and discussed the plea agreement with her counsel before signing it and that Dorsey understood the terms of the plea agreement.  *Id.* at 7.  In addition, the terms of the waiver provision were discussed, and Dorsey indicated to the court that she understood these terms.  *Id.* at 10.  Dorsey also indicated to the court that she was coerced or forced into pleading guilty.  *Id.* at

---

[3]Section 2D1.1(b)(1) states that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the offense level] by **2** levels."  U.S.S.G. § 2D1.1(b)(1)

7-8. Dorsey's counsel filed an affidavit with this court stating that he conferred with Dorsey about the terms of the plea agreement and that Dorsey indicated to him that she understood the terms. *See Affidavit of Counsel* (Doc. No. 11) at 1-2.

This court is satisfied that Dorsey's assent to the waiver provision in her plea agreement was knowing and voluntary. The court therefore concludes that the waiver provision operates to bar consideration of Dorsey's claim that the district court erred in applying the § 2D1.1(b) firearm enhancement to Dorsey's sentence.

The court finds that even if the waiver provision were not enforceable, Dorsey would not be entitled to § 2255 relief based on this claim. Evidence presented at the sentencing hearing indicated that Dorsey was dealing amphetamine from her house; that her drug dealing involved large sums of money; that at the time of her arrest, a large amount of amphetamine was found in her bedroom; that drug scales were also found in her bedroom; and that a .357 caliber handgun was found in a nightstand drawer in her bedroom. *See Sentencing Hearing* (Doc. No. 14, Gov. Exh. E) at 9-12.

Application Note 3 for U.S.S.G. § 2D1.1 states that this firearm enhancement "should be applied if the weapon was present, unless is clearly improbable that the weapon was connected with the offense." *See* U.S.S.G. § 2D1.1 comment. n.3. Although Dorsey claims that she kept the gun in her residence for personal protection for her and her teenaged daughter,[4] it is not "clearly improbable" that the gun was present in connection with her drug

_____

[4]*See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 5.

7

dealing. Guns are recognized "tools of the drug trade," as there is a "frequent and overpowering connection between the use of firearms and narcotics traffic." *United States v. Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006). It is reasonable to conclude that the presence of the firearm provided security and cover to facilitate Dorsey's participation in the illegal drug trade she ran from her house. *See United States v. Wooten*, 253 Fed.Appx. 854, 857-58 (11th Cir. 2007) (unpublished). Thus, the district court properly applied the firearm enhancement to Dorsey's sentence.[5]

## B.   *Ineffective Assistance of Counsel*

Dorsey contends that her counsel rendered ineffective assistance by failing to explain to her the full ramifications of her guilty plea or advise her of her appeal rights. *See § 2255 Motion* (Doc. No. 1) at 5; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 3-5.

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[5]Dorsey does not appear to frame this claim in terms of alleged ineffective assistance of counsel. Her counsel did object to the firearm enhancement at sentencing, and even if Dorsey were to assert that her counsel was ineffective for failing to pursue this issue on appeal, the lack of merit as to the underlying substantive claim prevents Dorsey from demonstrating deficient performance by her counsel or any resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984) (to prevail on claim of ineffective assistance of counsel, petitioner must demonstrate both deficient performance by counsel and resulting prejudice).

proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). "When analyzing ineffective-assistance claims, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted).

As indicated earlier, Dorsey's counsel states in his affidavit filed with this court that he met with Dorsey on two separate occasion prior to the plea hearing to discuss the provisions of the plea agreement and that Dorsey indicated to him that she understood the terms of the agreement.[6] *See Affidavit of Counsel* (Doc. No. 11) at 1-2. As also indicated earlier, Dorsey stated during the plea hearing that she had read and discussed the plea agreement with her counsel before signing it and that she understood the terms of the agreement. *See Change of Plea Hearing* (Doc. No. 14, Gov. Exh. C) at 7. In addition, the magistrate judge informed Dorsey of the maximum punishment for the counts to which she was pleading guilty and the rights she was relinquishing by pleading guilty, and Dorsey affirmed that she understood these matters. *Id.* at 8-11. The terms of the waiver provision were also discussed at the plea hearing, and Dorsey indicated to the court that she understood these terms. *Id.* at 10. At the sentencing hearing, the district court informed Dorsey that she

---

[6]Counsel also states that during the year charges were pending against Dorsey, he "met with her or conversed with her by telephone a minimum of eighteen times." *Affidavit of Counsel* (Doc. No. 11) at 1.

had a right to appeal; that in order for her appeal to be timely, it must be filed within ten days after the court's entry of a written judgment; that if she could not afford an appeal, she could petition the court for leave to appeal *in forma pauperis*; that under the waiver provision in the plea agreement, she had waived some or all of her rights to appeal her sentence; and that such waivers are generally enforceable, but if she believed the waiver was not enforceable, she could present this theory in an appeal. *See Sentencing Hearing* (Doc. No. 14, Gov. Exh. E) at 40-41. In his affidavit filed with the court, Dorsey's counsel states that he has no independent recollection of whether he personally informed Dorsey that she had ten days within which to appeal and that Dorsey never indicated to him that she wanted to appeal. *Affidavit of Counsel* (Doc. No. 11) at 2.

### 1.    Failure to Explain Ramifications of Guilty Plea

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Thus, it falls upon a petitioner alleging ineffective assistance in this context to establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In other words, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id.*

With regard to Dorsey's general claim that her counsel failed to explain the full ramifications of her guilty plea, the court finds that Dorsey's own statements to the court during the plea hearing undermine the allegations in her § 2255 motion. As noted above,

before her guilty plea was entered and accepted, Dorsey affirmed that her counsel had discussed the plea agreement with her and that she understood its terms.  She also acknowledged that she understood the rights she was giving up by pleading guilty and the potential sentence she faced.  "Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true.").  Weighing the cursory assertions in Dorsey's § 2255 motion against the record evidence, including Dorsey's declarations at the plea hearing, this court concludes that Dorsey fails to demonstrate that her counsel was ineffective for failing to explain to her the ramifications of her guilty plea.  Even leaving aside Dorsey's own statements at the plea hearing, Dorsey simply has not established that, had her counsel advised her of the full ramifications of her guilty plea, she would have pled not guilty and would have insisted on going to trial.  *Hill*, 474 U.S. at 59.  Thus, Dorsey is not entitled to any relief based on this claim.

### 2.    Failure to Advise of Appeal Rights

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that *Strickland v. Washington* applies to determine whether counsel was ineffective for failing to file a notice of appeal.  *Flores-Ortega*, 528 U.S. at 477.  With respect to the first prong of *Strickland* – whether counsel's representation fell below an objective standard of reasonableness – the Supreme Court reaffirmed that "an attorney who fails to file an appeal on behalf of a client

who specifically requests it acts in a professionally unreasonable manner per se."
*Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing *Flores-Ortega*,
528 U.S. at 477).  Moreover, even if the client does not directly request an appeal, counsel
generally has a duty to consult with him about an appeal.  *See Flores-Ortega*, 528 U.S. at
480-81.

"[W]here a defendant has not specifically instructed his attorney to file an appeal, [the
court] must still determine 'whether counsel in fact consulted with the defendant about an
appeal.'" *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting
*Flores-Ortega*, 528 U.S. at 478); *see also Devine v. United States*, 520 F.3d 1286, 1288 (11th
Cir. 2008).  The Supreme Court in *Flores-Ortega* held that "counsel has a constitutionally
imposed duty to consult with the defendant about an appeal when there is reason to think
either (1) that a rational defendant would want to appeal (for example, because there are
nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably
demonstrated to counsel that he was interested in appealing."[7]  *Flores-Ortega*, 528 U.S. at
480.  The Supreme Court defined the term "consult" specifically to mean "advising the

---

[7]The Supreme Court stated that, although not determinative, a highly relevant factor in this inquiry will be

> whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.  Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Flores-Ortega*, 528 U.S. at 480.

defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478.

Here, Dorsey does not assert that she instructed her counsel to file an appeal, and Dorsey avers that Dorsey's counsel avers that Dorsey never indicated that she wished to appeal. Dorsey concedes that she did not specifically direct her counsel to file an appeal, stating, "I was not knowledgeable enough to ask my attorney to appeal." *See Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 4. While there is ample record evidence reflecting that the court advised Dorsey of her appeal rights (and that Dorsey indicated she understood those rights), Dorsey's counsel indicates in his affidavit that he does not recall whether he specifically discussed Dorsey's appeal rights with her. Assuming *arguendo*, then, that counsel did not adequately consult with Dorsey about her appeal rights (that is, by not fully discussing the advantages and disadvantages of taking an appeal), the question becomes whether counsel had a duty to consult about an appeal under the circumstances.

In answering this question, the court is guided by the above-mentioned, two-prong test set out in *Flores-Ortega*. *See Devine*, 520 F.3d at 1288. Considering the second *Flores-Ortega* prong first, the court finds no indication in the record or in Dorsey's pleadings that Dorsey reasonably demonstrated to her counsel that she was in fact interested in appealing. Dorsey maintains only that she was unaware that an appeal was "an available option" and acknowledges that she did not ask her attorney to appeal. *See § 2255 Motion* (Doc. No. 1) at 4; *Memorandum of Law in Support of § 2255 Motion* (Doc. No. 6) at 4. With respect to the first prong of *Flores-Ortega*, the court concludes that a rational defendant in Dorsey's

13

position would not have wanted to appeal.  Dorsey pled guilty, and there is no suggestion that the plea was invalid.  Her plea included a valid appeal waiver, such that she waived her appeal rights except for claims of ineffective assistance of counsel or prosecutorial misconduct.  While Dorsey now says she was dissatisfied with the court's application of the two-level firearm enhancement to her sentence, under the terms of the waiver she could not present this sentencing issue on appeal.  The only argument Dorsey puts forward in her § 2255 motion for challenging application of the sentence enhancement is without merit.  Furthermore, the terms of the plea agreement were very favorable to Dorsey, resulting in dismissal of the firearm charge in Count Two of the indictment, which carried a mandatory minimum sentence of five years consecutive to any sentence imposed for the other counts of conviction,[8] and Dorsey's receipt of a three-level reduction based on her acceptance of responsibility and assistance and a downward departure of four additional levels based on substantial assistance she provided under a cooperation agreement.  Finally, the sentence imposed by the court was at the bottom end of the applicable advisory guideline range.  For these reasons, the court concludes that Dorsey has failed to establish that her counsel was ineffective for failing to advise and consult with her about her appeal rights.

### III.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Dorsey be denied, as the claims therein entitle her to no relief.

---

[8]*See* 18 U.S.C. § 924(c)(1)(A).

14

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 5, 2009**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 22nd day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE